JOLAN CHUMBOOK, a/k/a JENNIE CHUMBOOK, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Chumbook v. Commissioner
Docket No. 569-72.
United States Tax Court
T.C. Memo 1977-108; 1977 Tax Ct. Memo LEXIS 330; 36 T.C.M. (CCH) 487; T.C.M. (RIA) 770108; April 14, 1977, Filed Jolan Chumbook, a/k/a Jennie Chumbook, pro se. David W. Johnson and Peter J. Panuthos, for the respondent. SCOTT MEMORANDUM FINDINGS OF FACT AND OPINION
SCOTT, judge: Respondent determined deficiencies in petitioner's Federal income tax and additions to tax for the years and in the amounts as follows: Addition to Tax Tax Year Ended
Deficiency
Sec. 6651(a)
Sec. 6654(a)
Dec. 31, 1964
$1,441.40
$ 360.35
$ 40.35
Dec. 31, 1965
4,254.71
1,063.67
119.10
Dec. 31, 1966
8,802.00
2,200.50
246.44
The issues for decision are: (1) Whether petitioner received *331 salary income in each of the years here in issue of at least $280 a week beginning July 1964 and continuing through May 20, 1966, on which she is required to pay Federal income tax; (2) whether petitioner received interest income for the years 1964, 1965, and 1966 in the amounts of $5.60, $72.96, and $40, respectively, and dividend income less the dividend exclusion in the years 1965 and 1966 in the amounts of $214 and $449, respectively, on which she is required to pay Federal income tax; (3) whether petitioner in 1966 received jewelry as payment in kind for services rendered with a fair market value of $19,000. FINDINGS OF FACT
Petitioner, an individual, was a resident of Stamford, Connecticut at the time the petition in this case was filed. Petitioner did not file Federal income tax returns for any of the taxable years 1964, 1965, and 1966. In May 1964 petitioner was employed by Anton Lorenz to take care of his wife, Irene Lorenz. Anton Lorenz died on June 25, 1964 and petitioner continued in the employ of Irene Lorenz until May 20, 1966. On or about August 15, 1964, petitioner received a power of attorney from Irene Lorenz to execute personal checks on behalf *332 of Mrs. Lorenz. Prior to August 15, 1964, petitioner had assisted Mrs. Lorenz in executing her personal checks. When petitioner began caring for Mrs. Lorenz on an around-the-clock basis, she drew or had Mrs. Lorenz draw a check to her each week in the amount of $400. Petitioner used the proceeds of these checks for her own personal uses. Sometime around May 6, 1966, an attorney representing Mrs. Lorenz made several attempts to see Mrs. Lorenz. When he was unable to see Mrs. Lorenz, he obtained a court order permitting him, accompanied by a sheriff and several other persons, to enter Mrs. Lorenz' home. These persons made a forceable entry into Mrs. Lorenz' home on May 20 and petitioner was forceably removed from the premises and was not again permitted to return. The sheriff and others accompanying him entered petitioner's room and took various items therefrom. One of the items that they took was a suitcase containing jewelry. The items taken were turned over to a conservator appointed by the Probate Court for Mrs. Lorenz and remained in the possession of the conservator and completely out of the control of petitioner after May 20. By judgment of the Superior Court, Fairfield *333 County, State of Connecticut, entered December 31, 1969 and amended pursuant to defendant's motion on January 16, 1970, certain items taken from petitioner's room in Mrs. Lorenz' home were ordered returned to petitioner. The items ordered returned to petitioner did not include any of the jewelry which was estimated to have a value of $19,000, which forms the basis of respondent's determination of $19,000 of income to petitioner in 1966. In connection with the hearing of the case against petitioner in the Superior Court, Fairfield County, State of Connecticut, findings were made which stated in part as follows: 10. Immediately following the death of Mr. Lorenz, one of the two nurses working in the home was discharged, and the defendant [petitioner in this case] "decided to work… two shifts" from 11:00 p.m. to 3:00 p.m. whereupon she began to receive salary checks of $280.00 per week. 11. Following her husband's death, Mrs. Lorenz continued to be attended by the defendant and by a nurse named Miss Weiss. 12. By August 15, 1964, the defendant had received a power of attorney from Mrs. Lorenz, but even prior thereto, she helped make out checks. (Exhibit 2) 13. Miss *334 Weiss was discharged by the defendant in late August or early September, 1964. 14. Following the dismissal of Miss Weiss, the defendant moved into the Lorenz home and resided there, and began to take $400.00 per week as salary. * * *
17. The defendant worked in the Lorenz home until May 20, 1966, when an order was issued from the Probate Court in Greenwich prohibiting the defendant from reentering the Lorenz home. 18. The defendant expended to herself either in checks made payable to herself or in checks made payable to cash the sum of $33,055.00 for salary. (Exhibit 3) * * *
69. * * * On May 20, 1966, [the attorney], accompanied by a locksmith, a nurse, a doctor, the Commissioner of Welfare, and a sheriff, was compelled to break into the house in order to gain entry. When they broke in, the defendant ran upstairs and barricaded herself in the bedroom of Mrs. Lorenz, requiring that the lock to the bedroom door be broken in order to gain entry to that room. The defendant was then escorted to court by the sheriff and two assistants pursuant to the capias which had issued. 70. Prior to [the attorney's] breaking into the house, there was a Probate Court *335 hearing on May 19, 1966, on the appointment of a permanent conservator for Mrs. Lorenz, at which an attorney appeared purporting to represent Mrs. Lorenz, and when the hearing adjourned to the Lorenz premises to allow the Judge of Probate to see Mrs. Lorenz, no one, including the Judge was allowed in the house. * * *
76. When [the attorney] finally gained entry to the Lorenz home on May 20, 1966, many articles of jewelry were found in the defendant's room, including the items of Mrs. Lorenz's jewelry which the defendant now claims as gifts from Mrs. Lorenz as well as other items of Mrs. Lorenz's jewelry and property of Mr. and Mrs. Lorenz as to which no claim of gift has been made, and the referee viewed all of this jewelry in the court room where the defendant pointed out the items she claimed were given to her by Mrs. Lorenz. (Exhibit N). * * *
96. The fair and reasonable value of the services performed by the defendant on behalf of Mrs. Lorenz is at the rate of $280.00 per week for a period of ninety-nine (99) weeks from June 25, 1964 to May 20, 1966, or a total sum of $27,720.00 for salary. 97. The defendant during the aforesaid period expended to herself *336 and received the sum of $33,055.00. 98. The defendant has failed to account for $5,335.00, which sum the plaintiff should recover from the defendant with interest. * * *
100. The defendant has failed to prove that Mrs. Lorenz made a gift to her of any of the jewelry, the antique money - American bills and coins, or the fur cape and stole claimed by the defendant it [sic] items (c), (d), (e), (f), (g), (h), (j), and (t) of paragraph 1 of her substituted counterclaim, to wit: (c) Pearl pin with earrings; (d) Blue sapphire pin with earrings; (e) Blue sapphire earrings; (f) Three watches; (g) Diamond pin (leaf shape) with three-stone earrings; (h) Diamond ring; (j) Antique money - American bills and coins; (t) Fur cape and stole; or that the defendant has any interest in these items or in item (i) key for safe deposit box. 101. The following items (listed as in paragraph 1 of the defendant's substituted counterclaim) were not given to the defendant by Mrs. Lorenz, and at all times until her death were the property of Mrs. Lorenz: (c) Pearl pin with earrings. (d) Blue sapphire pin with earrings. (e) Blue sapphire earrings. (f) Three watches.
*337 (g) Diamond pin (leaf shape) with three-stone earrings. (h) Diamond ring. (j) Antique money - American bills and coins. (t) Fur cape and stole. The judgment entered provided that petitioner was entitled to receive as salary during the period of 99 weeks from June 25, 1964 to May 20, 1966, $280 a week or a total sum of $27,720 for salary and that she diverted to her own use the sum of $5,335, "which sum the plaintiff should recover from the defendant with interest." This judgment further held certain items listed therein were the property of petitioner and should be returned to her when the judgment for $5,335 had been paid and further stated, with respect to other items which petitioner claimed to be her property, that "judgment hereby enters for the plaintiff: pearl pin with earrings, blue sapphire pin with earrings, blue sapphire earrings, three watches, diamond pin (leaf shape) with three-stone earrings, diamond ring, key for safe deposit box, antique money - American bills and coins, fur cape and stole." Respondent in his notice of deficiency determined petitioner's income on the basis of a salary of $280 a week beginning with June 25, 1964 and extending through May 20, 1966, which *338 resulted in income from salary of $8,280 for 1964, $17,120 for 1965, and $7,655 for 1966. He further determined "that during the taxable year 1966 you received jewelry as payment in kind for services rendered to Irene Loring [sic] which was not previously reported. The fair market value of the jewelry was $19,000. Accordingly, taxable income in 1966 is increased in that amount." Respondent also determined that petitioner had interest income of $5.60, $72.96, and $40 during the years 1964, 1965, and 1966, respectively, and that petitioner received dividend income after the dividend exclusion of $214 in 1965 and $449 in 1966. Respondent determined an addition to tax of 25 percent under section 6651(a) for each of the years here in issue because of failure to file income tax returns for these years, and an addition to tax under section 6654(a) for each of the years here in issue because of petitioner's failure to file declarations of estimated tax. In her petition, petitioner alleged that she did receive wages for services rendered to Irene Lorenz during each of the years here in issue, but further alleged that "by agreement with Irene Loring [sic], the taxes due thereon were *339 to be paid by Irene Loring [sic]." Petitioner further alleged that she did receive jewelry for services rendered to Irene Lorenz, but by agreement the taxes due thereon were to be paid by Irene Lorenz. In her petition, petitioner conceded receipt of the interest and dividend income, but alleged that the tax thereon was agreed to be paid by Irene Lorenz. At the hearing, petitioner claimed with respect to the jewelry that some of the jewelry was a gift rather than payment for services to her by Irene Lorenz and that other jewelry she had in her room was for safekeeping for Irene Lorenz. OPINION
Petitioner not only concedes that during the years here in issue she did receive as salary the amount of $280 a week, which respondent determined to be her income from salary during those years, but contends that in fact she received $400 a week. Petitioner's only argument is that, under her agreement with Irene Lorenz, Mrs. Lorenz was to pay the tax on the salary she received. Petitioner likewise does not contest receipt of the interest and dividend income which respondent determined she received, but merely argues that Mrs. Lorenz agreed to pay the tax on these amounts. At the *340 trial, petitioner also admitted that she did not file returns, but contended that, under her agreement with Mrs. Lorenz, Mrs. Lorenz' lawyer was to prepare and file these returns for her and Mrs. Lorenz was to pay the tax. Any understanding which petitioner might have had with Mrs. Lorenz as to the filing of her income tax returns and payment of her income tax does not relieve petitioner of her legal duty to file her Federal income tax return and pay the tax on her income. A taxpayer cannot be relieved of the legal duty by "assuming" that someone else will file or has filed her return, or will pay or has paid her tax. , and cases there cited. This record clearly shows that petitioner did in fact know that returns were not being filed for her for the years here in issue and that no tax was being paid on her income during these years. In fact, it must have been completely clear to petitioner after May 20, 1966, that Mrs. Lorenz' attorney would not file returns for her and that Mrs. Lorenz would not pay her tax. There is nothing in the record to show that petitioner filed any declarations of estimated tax for any of *341 the years here in issue, but in fact the record is reasonably clear that she did not. We therefore sustain respondent in his determination that the salary of $280 a week received by petitioner and interest and dividend income received by petitioner during the years 1964, 1965, and 1966 are taxable income to her and that she is liable for the income tax on these amounts. We also sustain respondent's determination of the additions to tax under sections 6651(a) and 6654(a) for failure to file returns and failure to file declarations of estimated tax and pay such estimated tax. The issue with respect to whether there should be included in petitioner's income $19,000 for the value of the jewelry which respondent determined was paid to petitioner for services in 1966 is more difficult. The intimation in the record is that petitioner had possession of this jewelry even prior to 1966. Except for the statement in the petition which does not specify what items of jewelry petitioner might have received as payment for services, the record is reasonably clear that petitioner was claiming that certain items of jewelry were gifts to her from Mrs. Lorenz or that she merely had custody of the *342 jewelry to keep for Mrs. Lorenz. In any event, the record is clear that the jewelry was forceably removed from petitioner's possession on May 20, 1966, and turned over to a conservator for Mrs. Lorenz and that thereafter none of the jewelry comprising the $19,000 in value which respondent added to petitioner's income for 1966 was ever again in the possession of petitioner. In our view, the record is reasonably clear that the jewelry was not paid to petitioner for services in 1966. What portion of the jewelry that was in petitioner's possession in 1966 she claimed to be a gift to her and what portion she claimed was merely in her possession for safe-keeping for Mrs. Lorenz is not clear from this record, other than from the findings in the Superior Court case. However, it is clear that at the end of 1966 petitioner had none of the jewelry that belonged to Mrs. Lorenz in her possession or subject to her control. Therefore, to the extent petitioner was attempting to claim the jewelry as a gift in 1966, the gift was revoked prior to the end of the year. Compare . It might be noted that this record does not show that Mrs. Lorenz *343 was ever declared incompetent to have made a gift. Therefore, had the jewelry properly been a gift to petitioner or payment to petitioner for services in 1966, it would have been improperly seized on May 20, 1966, and this seizure might well have been considered a loss. The only reasonable conclusion to make on this record is that unless petitioner was holding the jewelry as custodian for Mrs. Lorenz, she was attempting a wrongful conversion of the jewelry to her own use. However, petitioner was forceably required to make restitution of the property prior to the end of the year 1966. Where restitution of wrongfully converted property is made prior to the close of the year of the wrongful conversion, the restitution offsets what would otherwise be income, so that no income results from the wrongful conversion. , affg. a Memorandum Opinion of this Court; ; . On the basis of this record we conclude that respondent erred in determining that petitioner in 1966 received $19,000 *344 income from jewelry paid to her for services rendered. Decision will be entered under Rule 155.